UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MARRIOTT HOTEL SERVICES, LLC,
a Delaware limited liability company,
as manager of the Gaylord Texan Resort
& Convention Center,

        Plaintiff,

v.                                        Case No.: 4:26-CV-00134-P

GENESYS CLOUD SERVICES, INC.,

        Defendant.

_____/

## PLAINTFF'S FIRST AMENDED COMPLAINT

Plaintiff Marriott Hotel Services, LLC, as manager of the Gaylord Texan Resort & Convention Center, by and through its undersigned counsel, Pursuant to Rule 15(a)(1) of the Federal Rules of Civil Procedure, and as a matter of course, and in accordance with the Court's Order dated February 9, 2026 (Doc. 4), amends its Original Petition dated January 13, 2026, against Defendant Genesys Cloud Services, Inc., as follows:

### I.
### PRELIMINARY MATTERS

1. On January 13, 2026, Plaintiff Marriott Hotel Services, LLC ("Plaintiff" or "Marriott") filed a state court action against Defendant Genesys Cloud Services, Inc. The case was docketed as Cause No. 153-373660-26; *Marriott Hotel Services, LLC v. Genesys Cloud Services, Inc.,* in the 153rd District Court of Tarrant County, Texas.

2. Defendant was served with a citation and Plaintiff's Original Petition on January 15, 2026.

1

3.      On February 9, 2026, Defendant filed a Notice of Removal under 28 U.S.C. § 1446(a).  (Doc. 1)

4.      On February 9, 2026, the Court entered an order directing Plaintiff that (1) by February 17, 2026, it "file an amended complaint that complies with the Federal Rules of Civil Procedure, the Local Civil Rules of the United States District Court for the Northern District of Texas, and the undersigned's judge-specific requirements."  (Doc. 4)

5.      This is the first and only amended complaint that Plaintiff has filed as a matter of course as permitted by Fed. R. Civ. P. 15(a)(1).  Plaintiff is filing its First Amended Complaint as directed by the Court, not as a matter of course and not by motion to amend.  (Doc. 4)

## II.
## PARTIES

6.      Plaintiff Marriott Hotel Services, LLC ("Plaintiff" or "Marriott") is a limited liability company organized and existing under the laws of the State of Delaware.  Marriott's principal place of business is located in Bethesda, Maryland.

7.      Marriott manages the operations of a convention center hotel known as the "Gaylord Texan Resort & Convention Center" (hereinafter, referred to as the "Hotel"), which is located in the city of Grapevine Texas, Tarrant County, Texas, pursuant to a written Management Agreement dated October 1, 2012 (hereinafter, referred to as the "Management Agreement").

8.      The Management Agreement was assigned to Marriott pursuant to a written Assignment and Assumption of Management Agreement dated October 1, 2012. The most recent amendment to the Management Agreement was on May 11, 2016.

9.      Pursuant to the Management Agreement, the operation of the Hotel is under the exclusive supervision and control of Marriott.  Pursuant to the Management Agreement, Marriott is responsible for the "proper and efficient operation of the Hotel."  The Management Agreement

2

expressly grants Marriott "discretion and control in all matters relating to management and operation of the Hotel." Under the Management Agreement, Marriott has continuously had, including when the subject contract was signed by the parties, the right to enter into contracts on its own behalf when operating the Gaylord Texan Resort & Convention Center, as its manager.

10. At all relevant times hereto, including when the subject contract was executed by the parties and continuing through today's date, Marriott has been registered to transact business in the State of Texas.

11. At all relevant times hereto, including when the subject contract was executed by the parties and continuing through today's date, Marriott has been the legal owner in the State of Texas of the assumed name "Gaylord Texan Resort & Convention." The assumed name "Gaylord Texan Resort & Convention Center," filed by Marriott and listing Marriott as the owner of the assumed name has been on file with the Texas Secretary of State since May 20, 2021, and its current status is listed as "Active."

12. At all relevant times hereto, including the date the Contract between the parties was executed, Marriott has been transacting business on behalf of the "Gaylord Texan Resort & Convention Center," including entering into Group Sales Agreements with group customers such as Defendant, on its own behalf. The subject contract was entered into with Defendant by Marriott on its own behalf.

13. Defendant Genesys Cloud Services, Inc. ("Defendant" or "Genesys") is a corporation organized and existing under the laws of the State of California with its principal place of business located at 1302 El Camino Real, Suite 300, Menlo Park, California 94025.

3

**III.**
**SERVICE UPON DEFENDANT**

14.     Defendant may be served with process by and through its registered agent, CSC Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

**IV.**
**JURISDICTION AND VENUE**

15.     Pursuant to 28 U.S.C. § 1332(a)(1), Federal District Courts have original jurisdiction in cases where the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the suit involves a controversy between citizens of different States.

16.     Plaintiff Marriott Hotel Services, LLC is a Delaware limited liability company with its principal place of business located in Bethesda, Maryland.  Marriott is solely owned by Marriott International, Inc., which is Marriot's only member.  Marriott International, Inc. is a Delaware corporation with its principal place of business located in Bethesda, Maryland.  Therefore, Marriott Hotel Services, LLC is a citizen of Delaware and Maryland.

17.     Defendant Genesys Cloud Services, Inc. is a California corporation with its principal place of business also located in California. Therefore, Genesys is a citizen of California.

18.     Therefore, there is complete diversity between Plaintiff and Defendant.

19.     Additionally, Plaintiff is seeking an amount in excess of $75,000.00 in damages, exclusive of attorney's fees and costs, as Plaintiff's complaint indicates that Plaintiff is seeking "liquidated damages in the amount of $1,447,449.5 plus $50,945."

20.     Venue is proper in the Northern District of Texas, Division of Fort Worth under 28 U.S.C. § 1441(a) because the action was brought and is pending in Tarrant County, a place embraced by the Northern District of Texas and by the Fort Worth division of this Court.  Venue is also proper in this Court because the Northern District of Texas, Division of Fort Worth, is the

location where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S. Code § 1391(b)(2).

21.    Therefore, this Court has original jurisdiction over this matter.

## V.
## FACTUAL ALLEGATIONS

22.    On or about May 30, 2023, Genesys entered into a Group Sales Agreement (the "GSA") with "Gaylord Texan Resort & Convention Center," pursuant to which Genesys agreed to hold an event at the Hotel over the dates October 7, 2026 through October 17, 2026 (the "Event"). A true and correct copy of the GSA is attached hereto as **"Exhibit A"** and incorporated herein by reference.

23.    As previously indicated, Marriott is the party to the GSA because Marriott, as manager of the Hotel, is permitted to, and did, enter into contracts on its own behalf during the relevant time period, pursuant to the Management Agreement, when transacting business on behalf of the Hotel.

24.    In addition, on or about May 30, 2023, Genesys entered into an Amendment to the GSA (the "Amendment") with Marriott to modify the terms of the Agreement. A true and correct copy of the Amendment is attached hereto as **"Exhibit B"** and incorporated herein by reference.

25.    The GSA and Amendment are, from time to time, hereinafter collectively referred to as the "Contract."

26.    Pursuant to the terms of the Contract, Genesys was obligated to utilize 7,021 room nights at the Hotel over the dates of the Event at the contracted rate ranging from $299.00 per room, per night, for Single Run of House rooms, to $4,500.00 per room, per night, for the Presidential Suites, plus applicable state and local taxes.

5

27.    In addition, the Contract also required Genesys to spend not less than $1,000,000.00 in banquet food and beverage, exclusive of applicable service charges and taxes. (Ex. A, pp. 15-16)

28.    The Hotel also reasonably anticipated that Genesys' attendees would utilize, and the Hotel would receive revenues and related profits from, the numerous ancillary services offered by the Hotel.

29.    The Amendment has a "Force Majeure" provision (at p. 4), which provides:

17. FORCE MAJEURE

The performance of this Agreement by either party, in part or in full, is subject to acts of God, war, government regulations, disaster, acts of terrorism, strikes or threat of strikes (exception: Facility may not terminate this contract for situations involving the Facility's employees), civil disorder, curtailment or delay in transportation facilities preventing at least 50% of the contracted participants from attending, pandemic/epidemic illness, or any other emergency beyond the control of either party, any of which makes it illegal, impossible, or commercially impracticable to provide the facilities or to hold the meeting. This contract may be terminated without a cancellation charge, or partially performed without a performance or attrition charge, for any of the above reasons covered in this clause, by written notice from one party to the other. The ability to terminate this Agreement without liability is conditioned upon delivery of written notice to the other party setting forth the basis for such termination as soon as reasonably practical – but in no event more than 30 days after learning of such basis.

30.    On or about September 22, 2025, Genesys sent written notice to Marriott (the "Notice"), allegedly terminating the Event pursuant to the "Force Majeure" section of the Contract.

31.    In the Notice, Defendant stated that, "we expect to have 4,000 guests at Xperience in 2026 and the Gaylord Texan only has 1,814 rooms. Xperience is our most important customer event, and the Gaylord previously acknowledged the importance of this event to Genesys.  In view of the above, it has become impossible for the Gaylord Texan to meet Genesys' event requirements and its accompanying obligations under the contract. Under these circumstances, we decided to treat the contract as terminated, with no further obligations for either side."

32.     The performance of Defendant is unexcused under the Force Majeure provision of the Contract because no event occurred – either at the time of cancellation or at the time of performance – that made it "illegal, impossible, or commercially impracticable to provide the facilities or to hold the meeting."

33.     The performance of Defendant is also unexcused under the Force Majeure provision of the Contract, because Defendant failed to comply with the notice provision required by that section, which conditions the ability to terminate upon delivery of "written notice to the other party setting forth the basis for such termination as soon as reasonably practical – but in no event more than 30 days after learning of such basis."

34.     Accordingly, the termination of the Contract by Defendant was without legal justification or excuse, and therefore constitutes an anticipatory repudiation of the contract, and a material breach of contract.

35.     Marriott has been damaged by Defendant's unexcused material breach of contract.

36.     Marriott stood ready, willing, and able to perform the Contract, therefore entitling it to collect damages as a result of Defendant's unexcused material breach.

37.     The Contract contains a "Cancellation/Reductions" provision, which provides that if the Event was cancelled from "Time of Signature until 366 days prior to arrival," Genesys will pay as liquidated damages to the Hotel, "50% of total room revenue plus 40% food and beverage guarantee." (Ex. B, p. 3)

38.     The Cancellation Provision further provides that, "The term "total room revenue" means the dollar amount equal to the Room Block multiplied by the Group's average room rate (exclusive of staff room rates and complimentary rooms, if any and resort fee)."

39.   As previously indicated, Defendant canceled its Event on September 22, 2025, which was from "Time of Signature until 366 days prior to arrival," which the first day of arrival in accordance with the Contract is October 7, 2026 (Ex. B, p. 1).

40.   The cancellation fee is calculated as follows:

- Total Room Revenue (7021 x $326.86 average rate) = $2,294,899

  50% cancellation =                                              $1,147,449.50

- F&B Minimum = $1,000,000

  40% cancellation =                                              $400,000.00

- Less Deposit Paid:                                              <$100,000.00>

  Cancellation Fee Due                                            $1,447,449.50

41.   In addition, the Contract contains a "Cancellation Policy" provision, which provides, "Gaylord Palms agrees to waive Group's attrition in the amount of $50,945 incurred as a result of the Group's 2023 performance at the Gaylord Palms conditioned upon the fully executed agreements for the (2025 Inspire, 2025 Experience, 2026 Inspire, and 2026 (Experience) by May 2026.  Should one or more of the agreements **cancel** (emphasis added), Group shall owe the $50,945 in addition to any cancellation liquidated damages of the corresponding agreement." (Ex. A, p. 18).

42.   The Contract also contains a "Method of Payment" provision, which provides, "[i]f payment of any invoice is not received within thirty (45) [sic] days of the date on which it was due, Hotel will impose a finance charge at the rate of the lesser of 1-1/2% per month (18% annual rate) or the maximum allowed by law on the unpaid balance commencing on the invoice date." (Ex. A, pp. 5-6)

43.     In addition, the Contract also contains a "Litigation Expenses" provision, which provides, "[t]he parties agree that, in the event litigation relating to this Agreement is filed by either party, the non-prevailing party in such litigation will pay the prevailing party's costs resulting from the litigation, including reasonable attorneys' fees."  (Ex. A, p. 18)

44.     On or about September 25, 2025, the Hotel submitted an invoice (the "Invoice") to Genesys demanding payment in the amount of $1,447.449.50 for liquidated damages in accordance with the terms of the Contract.  A true and correct copy of the Invoice is attached hereto as **"Exhibit C"** and incorporated herein by reference.

45.     Defendant failed, and has continued to fail, to pay the Invoice when due.

46.     On December 22, 2025, a final demand was made upon Genesys to pay the liquidated damages owed in the amount of $1,447,449.50. A true and correct copy of the December 22, 2025, letter is attached hereto as **"Exhibit D"** and incorporated herein by reference.

47.     Despite repeated demand for payment, Genesys has failed to pay, and continues to refuse to pay, the damages due for the cancellation when due.

48.     Defendant's failure and/or refusal to pay the balance due and owing constitutes a further material breach of contract.

49.     Defendant's actions have caused, and continues to cause, Plaintiff significant injury redressable by way of the counts expressed below.

**VI.**
**CLAIM FOR RELIEF**

**Count I:  Breach of Contract – Liquidated Damages (Cancellation)**

50.     Each of the foregoing paragraphs are incorporated as if fully restated herein.

51.     Defendant materially breached the terms of the Contract by the actions set forth hereinabove and by, among other things, canceling the Event and failing to pay liquidated damages

to Plaintiff for the Event cancellation. As a result, Plaintiff has suffered an injury that is the natural, probable, and foreseeable consequence of the Defendant's breach.

52.    On or about May 30, 2023, Genesys contracted with the Hotel to hold an Event at the Hotel over the dates of October 7, 2026 through October 17, 2026. Defendant later cancelled the Event and refused to pay the appropriate liquidated damages.

53.    As detailed above, Genesys owes liquidated damages in the amount of $1,447,449.50, or in the alternative actual damages in an amount to be proven at trial, for canceling its contracted Event.

54.    An Invoice reflecting the balance due for the liquidated damages was sent to Defendant on September 25, 2025.

55.    Defendant failed and refused to pay, and continues to fail and refuse to pay, the $1,447,449.50 liquidated damages from the cancellation due when due.

56.    Defendant's failure and/or refusal to pay the balance due and owing constitutes a material breach of contract.

57.    Despite repeated demands for payment, no portion of the $1,447,449.50 balance has been paid by Defendant.

58.    Plaintiff has been damaged by Defendant's material breach of contract in the amount of $1,447,449.50, which represents liquidated damages from the cancellation, or actual damages in the alternative in such amount as to be proven at trial.

59.    Defendant owes Plaintiff in addition to the cancellation liquidated damages, $50,945 as attrition from the 2023 event at the Gaylord Palms.

60.    Plaintiff has fully performed all duties and obligations under the terms of the Contract and all conditions precedent to Defendant's obligations under the Contract have been

performed or have been excused.

61.     In the alternative, Defendant owes Plaintiff actual damages for the cancellation of the Event in an amount to be determined at trial.

62.     As a result of Genesys' material breach of contract, including the failure to pay liquidated damages when due, it has become necessary for Plaintiff to retain litigation counsel to file and prosecute suit against Defendant.

## VII.
## PRAYER AND REQUEST FOR RELIEF

For the reasons above, Plaintiff Marriott Hotel Services, LLC, as manager of the Gaylord Texan Resort & Convention Center, respectfully requests that the Court enters a judgment against Defendant Genesys Cloud Services, Inc., awarding Plaintiff:

(a)     For liquidated damages in the amount of $1,447,449.50 plus $50,945.00 in attrition fees, or in the alternative, Plaintiff's actual, consequential, direct, indirect and incidental damages, including but not limited to lost profits, or such other damages as it may be entitled to, in such amount to be proven at trial;

(b)     For pre– and post–judgment interest at the Contract rate of the lesser of 1-1/2% per month (18% annual rate), or the maximum allowed by law on the unpaid balance of $1,447,449.50 commencing on September 25, 2025, until paid in full plus $50,945.00 attrition owed to Plaintiff;

(c)     For Plaintiff's reasonable attorneys' fees and costs incurred herein pursuant to the Contract and applicable law, including but not limited to TEX. CIV. PRAC. & REM. Code § 37.009 and § 38.001;

(d)     For interest on said attorneys' fees and costs at the highest rate permitted by law from the date of judgment until paid;

(e)     For post–judgment attorneys' fees and costs pursuant to applicable law; and

(f)     For such other and further relief as the Court deems just and appropriate.

Dated: February 17, 2026

Respectfully submitted,

**RUDNER LAW OFFICES**

By: */s/ Steven M. Rudner*
Steven M. Rudner
SBN 00795875
12740 Hillcrest Road, Suite 240
Dallas, Texas 75230
T: 214.373.1900 | F: 214.373.0087
Email: *Rudner@HotelLawyers.com*

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on February 17, 2026, a true and correct copy of the foregoing document has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure.

*/s/ Steven M. Rudner*
Steven M. Rudner

12